IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD HARTKE,                           :

        Plaintiff,

    v.                                    :          Case No. 3:23-cv-301

ADVENT SVCS, LLC,                                    JUDGE WALTER H. RICE

        Defendants.                 :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF RONALD HARTKE'S
CONDITIONAL MOTION FOR LEAVE TO DISMISS STATUTORY
CLAIM (DOC. #54)

---

Before the Court is a Conditional Motion for Leave to Dismiss Statutory Claim filed by Plaintiff Ronald Hartke ("Plaintiff" or "Hartke"). Doc. #54. Defendant Advent Svcs., LLC ("Defendant" or "Advent") filed a response in opposition to the motion, Doc. #58, and Plaintiff filed a reply in support of his motion. Doc. #59.

For the reasons stated herein, Plaintiff's Conditional Motion for Leave to Dismiss Statutory Claim, Doc. #54, is SUSTAINED. Count Two, brought pursuant to R.C. §1335.11, is hereby DISMISSED WITHOUT PREJUDICE, pursuant to Fed. R. Civ. P. 21.

## I. Background

This case was originally filed in the Greene County Common Pleas Court, but was removed to this Court on October 5, 2023, pursuant to 28 U.S.C. § 1441. Doc. #1. Upon removal, this Court has exercised and continues to exercise subject matter jurisdiction over this case under 28 U.S.C. § 1332, as the parties are completely diverse from each other and the amount in controversy is in excess of $75,000.

This case involves a dispute between Advent, a Florida LLC which provides a variety of technical and digital services, and Ronald Hartke, an employee and salesman who helped Advent secure government contracts to provide services to various agencies. Prior to his employment with Advent, Hartke worked in the same role with another company, Ardent Technologies, Inc. ("ATI"). While working for ATI, Hartke became skilled at securing a category of government contracts known as "8(a)" contracts. These contracts, governed by Section 8(a) of the Small Business Act, 15 U.S.C. § 637(a), give preferred status to bidding companies whose owners are members of disadvantaged ethnicity or social classes. These preferred companies can take advantage of their 8(a) status for up to nine years, at which time they are considered "graduated" from the 8(a) program. When a company graduates from 8(a) eligibility, they can, and are encouraged, to take on a "mentorship" role with other 8(a) companies which still have eligibility.

2

After ATI graduated from 8(a) eligibility, it began mentoring Advent. In exchange, Advent used ATI as a subcontractor for at least some of the government contracts secured. To help implement the mentoring program, Advent hired Hartke, an ATI employee who was experienced with the 8(a) program. It appears that Hartke's employment with Advent was successful, as he helped secure seven contracts for Advent between June and September 2022. Notably, and central to many of the issues currently raised, these contracts contained provisions whereby the federal government could renew the contract (or exercise the option to renew the contract). The number of potential renewals varied from contract to contract, with some permitting renewal into 2027.

However, the relationship between Hartke and Advent degraded and Hartke was terminated as an employee on October 3, 2022. Hartke filed this suit on May 19, 2023, bringing four claims: Breach of Contract in relation to the Commission Agreement ("Count One"); Violation of Ohio Rev. Code. (R.C.) § 1335.11 ("Count Two"); Tortious Interference[1] ("Count Three"); and Declaratory Judgment ("Count Four"). Doc. #3. Advent's Answer contained three counterclaims: Breach of Contract in relation to the Commission Agreement ("Counterclaim One"); Breach of Contract

---

[1] Plaintiff himself has admitted that Claim Three has become substantially moot, yet he has not dismissed this claim on his own prerogative, nor did Defendant move for summary judgment on this claim. Doc. #33, PageID #583; Doc. #44, PageID 1039 n.3.

3

in relation to the Non-Competition Agreement ("Counterclaim Two"); and Defamation ("Counterclaim Three"). Doc. #4. Pursuant to an Agreed Motion and Stipulation of Partial Dismissal, the Court Dismissed Counterclaim Three on April 9, 2025. Doc. #37. On July 21, 2025, summary judgment was granted on Claim Four and both remaining counterclaims, leaving Plaintiff's first three claims as the only active claims. Doc. #49.

On October 10, 2025, the Court issued an Amended Preliminary Pretrial Conference Order setting a trial date of February 2, 2026. Doc. #56.

## II.    Legal Standard

In the Sixth Circuit, Rule 41 permits a plaintiff to dismiss their entire controversy. Fed. R. Civ. P. 41; *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). When a plaintiff seeks to dismiss fewer than all the claims or parties, the proper mechanism is Fed. R. Civ. P. 21. *Philip Carey*, 286 F.2d at 785; *Espinosa v. First Advantage Background Servs. Corp.*, 343 F.R.D. 414, 415–16 (S.D. Ohio 2023) (McFarland, J.).

Rule 21 permits that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts are provided broad discretion in determining whether to sever or dismiss claims under Rule 21. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018). In exercising this discretion, courts examine a number of

4

factors including "whether settlement of the claims or judicial economy would be facilitated" and "whether prejudice would be avoided if severance [or dismissal] were granted." *Id.*; *Dix v. Atos IT Solutions & Servs., Inc.*, No. 1:18-cv-275, 2021 WL 1165762 (S.D. Ohio Mar. 25, 2021) (Cole, J.).

## III. Analysis

In the motion, Hartke states that he "wishes to drop his claim under [R.C.] §1335.11, with no intention of refiling it." Doc. #54, PageID #1150. However, he worries that voluntarily dismissing the claim could result in a finding that Advent is the prevailing party, a status that may justify an award of attorneys' fees to be paid by Hartke. As a result, he asks the Court to employ a strategy previously used in *Garner*, whereby the party seeking dismissal was informed what the terms of dismissal would be, permitting the party to make a final determination whether they followed through with the dismissal. *Garner v. Fuyao Glass America Inc.*, No. 3:21-cv-51, 2022 WL 17811406 (Dec. 19, 2022) (Rose, J.).

Neither party disputes that this dismissal is to be guided by Rule 21. The present dispute centers around what constitutes "just terms" upon which dismissal of the §1335.11 may be permitted. Hartke seeks dismissal of the §1335.11 claim without prejudice and without attorneys' fees. Doc. #54, PageID #1150. Advent argues for more favorable terms for the dismissal, seeking attorneys' fees and, barring an award of fees, dismissal with prejudice. Doc. #58, PageID #1173. In reply,

5

Hartke argues that an award of fees is not justified and that dismissal with prejudice is unnecessary in light of his sworn declaration that he will not ever pursue §1335.11 claims based on the subject matter of this case. Doc. #59, PageID #1181. Hartke's desired outcome functionally resembles dismissal with prejudice, as he will be unable to refile this claim later. However, where dismissal with prejudice opens the door to attorneys' fees, dismissal without prejudice does not. *Id.* at PageID #1184 n.2.

"[T]he purpose of the 'just terms' on dismissal is to ameliorate any 'gratuitous harm' the dismissal may cause the defendant." *Dix*, 2021 WL 1165762 at *4. Multiple courts within this circuit have identified that this determination of just terms under Rule 21 mirrors the analysis that takes place under Rule 41 to determine what "terms the court considers proper" to dismiss the controversy in its entirety. *Id.* at *4 n.4; *see* Fed. R. Civ. P. 41(a)(2); *see e.g., Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017); *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767 (E.D. Mich. Mar. 11, 2015).

Advent argues that the presence of the §1335.11 claim has cast a shadow over this case from its inception. In its view, Advent has suffered harm due to the added costs of defending against that claim, especially when considering the possibility that Hartke's success could include triple damages. Advent argues that

dismissal without prejudice may not preclude Hartke from refiling the §1335.11 claim if he finds he is successful on his other claims.

The Court believes that Advent's apprehension about having to defend against future §1335.11 claims brought by Hartke, though understandable, is a matter of no concern. To invoke the doctrine of *res judicata*, four elements must be met: "(1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) an identity of the causes of action." *Sanders Confectionery Prods., Inc. v. Heller Fin.*, 973 F.2d 474, 480 (6th Cir. 1992) (quotations omitted).

Though Advent maintains that the §1335.11 claim is meritless, there is no question that if it is brought, it should be brought in this action as it is based upon the same factual allegations that underly the rest of the Complaint. Therefore, if the claim is dismissed, it will be barred by the doctrine of *res judicata* from ever being resurrected. *See id.* at 480–85 (In determining whether *res judicata* applied to new claims in secondary lawsuit, "what is important is not whether a particular claim is compulsory, but whether the claim should have been considered during the prior action."). Moreover, if Hartke attempts to file such a claim in the future, Advent may point to Hartke's briefing in this matter which clearly and unequivocally estops

7

himself from bringing such a claim on the subject matter covered in this case. Doc. #59, PageID #1181–82; *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895) ("'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position.'").

In their request for fees, Advent identifies examples where the mere existence of the §1335.11 claim increased their costs. It specifically identifies eight pages of briefing devoted to addressing §1335.11. Doc. #58, PageID #1177. Additionally, Advent argues that the presence of the claim caused it "to extend further money and resources than necessary in comparison to a standalone breach of contract claim." *Id.*

The Sixth Circuit has identified that an award of attorneys' fees is not required when permitting a plaintiff to dismiss their claims. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009). Instead, a court should focus on whether a defendant would suffer "'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). To determine whether a defendant suffers plain legal prejudice, courts consider factors such as "the defendant's effort and expense of preparation for trial,

excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant" *Id.* (citing *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)).

Here, when weighing the factors outlined in *Grover*, the Court finds that Advent would not suffer plain legal prejudice if the §1335.11 claim were dismissed without prejudice and without attorneys' fees. Hartke has been diligent in prosecuting this case and the Court sees no evidence that the presence of the §1335.11 claim slowed this proceeding. Additionally, Hartke has provided a satisfactory explanation as to the need to take the dismissal. Certainly, Advent has expended effort and expense preparing for trial, and some amount of that may be attributed to the presence of the §1335.11 claim, but given that the claim is predicated on the same facts as the remaining claims, and would require similar testimony, evidence, and arguments, the marginal cost associated with the §1335.11 is relatively minor.

In the same vein, Advent has filed a motion for summary judgment on the §1335.11 claim, a motion which was overruled with respect to the relevant claim. Doc. #49, PageID #1084. This factor might weigh more heavily in favor of Advent if the present motion was brought while the summary judgment motion was still pending, as was the case in *Grover* and *Kovalic*. *See Grover*, 33 F.3d at 717–18;

9

*Kovalic*, 855 F.2d at 473. Yet, as it stands, this Court has already determined that summary judgment was not merited on the §1335.11 claim and permitted it to be tested at trial. For that reason this factor may weigh slightly in favor of Advent as does the effort and expense spent in preparing for trial. However, the other two factors, namely Hartke's diligent prosecution and the rationale proffered for requiring the dismissal both weigh heavily in favor of dismissal without fees. On balance, the Court believes that Advent will not suffer "plain legal prejudice" by foregoing an award of attorneys' fees and thus declines to impose them as a condition of dismissal.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Conditional Motion for Leave to Dismiss Statutory Claim, Doc. #54, is SUSTAINED. Count Two, brought pursuant to R.C. §1335.11, is hereby DISMISSED WITHOUT PREJUDICE, pursuant to Fed. R. Civ. P. 21.

Date: November 21, 2025              *Walter H. Rice*

                                     WALTER H. RICE
                                     UNITED STATES DISTRICT JUDGE

10